UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81983-CIV-MIDDLEBROOKS

JAMES MEARS,

    Plaintiff,

v.

MICHAEL D. MASON and CND3, INC.,

    Defendants.
_____/

## ORDER AND OPINION DENYING DEFENDANT CND3, INC.'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant CND3, Inc.'s ("CND3") Motion to Dismiss ("Motion"), filed on February 9, 2017. (DE 18). Plaintiff James Mears ("Plaintiff") filed a Response in opposition on February 17, 2017 (DE 20), to which CND3 replied on February 24, 2017 (DE 21). For the reasons stated below, the Motion is denied.

## BACKGROUND

Plaintiff is a disabled individual within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and resides in Florida. (Amended Complaint, hereinafter "Complaint" or "Compl.," at ¶ 2). CND3 is a Florida corporation that operates a pharmacy, known as the Robalo Pharmacy (the "pharmacy"), at 228 Federal Highway, Lake Park, FL 33403. (*Id.* at ¶ 6). The pharmacy is one of several businesses located within a parcel of property (the "property") (*id.* at ¶ 2) owned and operated by Defendant Michael D. Mason ("Mason", together with CND3, "Defendants") (*id.* at ¶ 7). CND3 is alleged to be "the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action." (*Id.* at ¶ 6). Plaintiff is a customer of the pharmacy. (*Id.* at ¶ 3).

Plaintiff's Complaint alleges that the pharmacy and property to which it belongs are both public accommodations and service establishments, as defined by the ADA. (*Id.* at ¶ 12). Further, according to the Complaint, neither is in compliance with the ADA or its Accessibility Guidelines ("ADAAG"). (*Id.* at ¶ 14). To demonstrate Defendants' lack of compliance, the Complaint includes a list of violations that hinder Plaintiff's access to units within the property. (*Id.* at ¶ 18). Of these purported violations, only three concern unit (228), where the pharmacy is located. (*Id.* at ¶¶ 18d.-f.). In addition, all three relate particularly to the route from the "parking space near [the pharmacy]" to the pharmacy itself.[1] Plaintiff does not allege that the interior of the pharmacy contains any specific deficiencies under the ADA or ADAAG. Conversely, he does allege that the interior of a certain "thrift store" on the property features violations of the ADAAG. (*Id.* at ¶ 18b.).

CND3 seeks to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for dismissal, CND3 contends that none of alleged ADA violations can be attributed to it, since nothing in the Complaint describes barriers to Plaintiff transacting business as a customer "at the [pharmacy]." (DE 18 at 2). As more fully fleshed out in its Reply brief, CND3's theory turns on the claim that Plaintiff does not sufficiently allege its control over the parking lot or thrift store, which are the only express targets of the asserted ADA violations.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550

---

[1] One of the alleged violations concerns the level of the "access aisle" to the parking space. (Compl. at ¶ 18d.). The other two deal with the slope and finishing of the ramp leading from the parking space to the pharmacy. (*Id.* at ¶¶ 18e.-f.).

2

U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations

must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## DISCUSSION

Pursuant to Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A "public accommodation" discriminates against the disabled by, *inter alia*, "fail[ing] to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). In alleging that the existing design of the access isle and ramp leading from the parking space "near" the pharmacy to the pharmacy itself is a barrier to entry, Plaintiff has facially stated a claim that his statutory right has been invaded. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013) (explaining that when a plaintiff "encounters architectural barriers that discriminate against him on the basis of his disability," he "has suffered injury in precisely the form the statute was intended to guard against") (citations omitted).

As CND3 observes, Plaintiff does not allege that CND3 owns, leases, or operates "the *entire real property*" (DE 21 at 3) (emphasis in original), only that it is "the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action." (Compl. at ¶ 6). In CND3's view, it is necessary for an ADA plaintiff to plead that a defendant exercises a sufficient level of control over the specific architectural features at issue. Otherwise, "an individual could use 42 U.S.C. § 12182(a) as a method of randomly suing every commercial tenant that is leasing a space in a building or structure for an alleged minor ADA

violation in the parking lot adjacent to the building when the owner of said building control the use and improvement to the parking lot." (DE 21 at 3).

I agree that, had Plaintiff pled CND3 was a lessee only of Unit 228, the Amended Complaint would be inadequate. Although I am not aware of any Eleventh Circuit opinion confronting this issue, the Ninth Circuit has persuasively explained that a commercial lessee cannot be held liable for architectural barriers, and in particular, parking lot spaces, "over which it has no control." *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264 (9th Cir. 2015). That is because the terms of § 12182(a) require that a "public accommodation" either bear a formal property relationship to the architectural barrier or "operate" it – a verb which implies a level of control or direction over the barrier's functioning. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 966 (9th Cir. 2006).[2] A tenant "has no preexisting control of a property," and "lacks any legal relationship" to it except as defined by the terms of a lease. *Kohler*, 780 F.3d at 1264. As a result, a commercial tenant's ADA obligations extend only to those specific spaces over which the lease grants it control – and not to "areas exclusively under the control of the landlord", *id.* at 1266, or the landlord jointly with a neighboring lessee.[3]

The problem for CND3 is that Plaintiff has pled that it is the "lessee", "lessor", *and/or* "operator" of the subject barriers. (Compl. at ¶ 6). Moreover, assuming CND3 to be a lessee, there is no evidence, as of yet, about the parameters of its lease with Mason. *Kohler* was a case reviewing a district court's decision on summary judgment. *Id.* at 1261. Thus, the Court there

---

[2] Moreover, the Department of Justice's ("DOJ") implementing regulations define a "facility" under § 12182(b)(2)(A)(iv) to include only "the site over which the private entity may exercise *control* or on which a place of public accommodation or a commercial facility is located." *Pickern*, 457 F.3d at 966-67 (quoting 28 C.F.R. Pt. 36, App. B. at 681 (now moved to App. C)) (emphasis in original).

[3] The Court in *Kohler* also examined the ADA's legislative history and the DOJ regulations to buttress its conclusion. *See id.* at 1265-66.

had the benefit of a full factual record establishing that the lessee had no control over any area of the property's parking lot. Here, Plaintiff has not made any allegations about the division of property rights and duties between Mason and CND3.

At the motion to dismiss stage, a defendant "cannot introduce new allegations or new facts" to rebut a plaintiff's pleadings. *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1063 (4th Cir. 1984).[4] Thus, the Court cannot rely on CND3's fleeting assertion in its Reply brief that "the parking lot [] is owned and controlled by Defendant Mason." (DE 21 at 3); *see Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496 YGR, 2015 WL 1886708, at *6-7 (N.D. Cal. Apr. 24, 2015) (declining to apply *Kohler*'s holding to bar application for attorney's fees pertaining to ADA common area parking lot claim because, unlike in *Kohler*, that case settled before court could discern from factual record the nature of lessee's control over common area). At least in theory, it is possible that CND3's lease conferred on the tenant rights and/or responsibilities that encompassed the nearby parking space.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant CND3, Inc.'s Motion to Dismiss (DE 18) is **DENIED**.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 10 day of April, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

---

[4] There is a limited exception to this rule, based on the "incorporation by reference doctrine," under which a document attached to motion to dismiss may be considered if "(1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). In this case, CND3 has not attached a copy of the lease or proved that its suggestion that Mason has exclusive control over the parking lot is "undisputed."